IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO**. 1:20-cv-24017

**MARIANA GALEANO**,

    Plaintiff,

vs.

**ELBARDI INTERNATIONAL MANAGEMENT, LLC,** and
**MARIO E. CONTRERAS,** individually,

    Defendants.
_____/

## COMPLAINT

**MARIANA GALEANO** ("Plaintiff"), by and through the undersigned counsel, hereby sues **ELBARDI INTERNATIONAL MANAGEMENT, LLC** (hereinafter "Elbardi") and **MARIO E. CONTRERAS** (hereinafter "Contreras"), individually, (collectively "Defendants") and alleges as follows:

## INTRODUCTION

1. This is an action for unpaid overtime and minimum wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiff seeks damages within this Court's jurisdiction, reasonable attorneys' fees, and costs pursuant to the FLSA, and all other remedies allowable by law.

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff was formerly employed by Defendants and performed work for Defendants in Miami-Dade County, Florida.

4. Elbardi is, and was, a Florida company conducting business in Miami-Dade County, Florida during the relevant period, October 1, 2017 through June 18, 2020.

5. Contreras is, and was, a corporate officer for/operator of Elbardi during the relevant time period. Further, Contreras controlled the business and Elbardi's employees (including Plaintiff) in terms of hiring, firing, scheduling, duties, work hours, calculation of wages, paying of wages, and ensuring compliance with local, state, and federal laws, including, but not limited to, the FLSA.

6. Elbardi and Contreras are employers, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

7. Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiff in this District, and the claims arose within the District.

## GENERAL ALLEGATIONS

**A. Defendants' Business and Interstate Commerce**

8. The primary purpose of Elbardi is to provide operational services for various restaurants in the United States and internationally.

9. Under information and belief, Plaintiff alleges that Elbardi's gross annual revenue exceeded $500,000.00 during 2017, 2018, and 2019 and is expected to exceed $500,000.00 during 2020.

10. Elbardi customarily and regularly sold goods and/or services across state lines during the relevant time period.

11. At all relevant times, Elbardi employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

12. Upon information and belief, Elbardi obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic (or other electronic) transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

13. Elbardi, upon information and belief, accepts checks, wire transfers, and other forms of payments that are made or processed outside the state of Florida, and did so during the relevant period.

14. Elbardi is an employer engaged in interstate commerce and subject to the FLSA.

**B. Defendants' Employment and Failure to Properly Pay Plaintiff**

15. Plaintiff's work began in and around February 2013.

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

16. During her employment, Plaintiff worked in a non-exempt capacity as in Defendants' human resources department.

17. The relevant time period for this matter is from October 1, 2017 through June 18, 2020.

18. Plaintiff, at all material times, was paid an hourly rate of $21.50.

19. From October 1, 2017 through the end of 2019, Plaintiff worked between forty-four (44) to forty-five (45) hours per week.

20. While Defendants utilized a digital finger scanner to track employee work hours, Plaintiff was required to engage in off-the-clock work that was not captured. As such, Plaintiff was not paid her proper overtime premium for those overtime hours.

21. During March of 2020, Plaintiff assisted the Company, along with her regular duties, in the preparation and filing of paperwork to apply federal funds through the Paycheck Protection Program as overseen by the Small Business Administration. Over the course of two (2) weeks in March of 2020, Plaintiff worked a total sixteen (16) overtime hours where proper overtime wages were not tendered at all.

22. During April of 2020, Plaintiff worked regular forty (40) hour weeks, but was only compensated for one (1) week out of the entire month. Defendants' decision to withhold full payment of wages is in violation of the FLSA's minimum wage regulations.

4 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

23. During May of 2020, Plaintiff worked regular forty (40) hour weeks, but was not compensated any wages. Defendants' decision to withhold full payment of wages is in violation of the FLSA's minimum wage regulations.

24. During June of 2020, Plaintiff worked regular forty (40) hour weeks, but was not compensated any wages. Defendants' decision to withhold full payment of wages is in violation of the FLSA's minimum wage regulations.

25. Throughout the relevant time period, Defendants failed to have proper timekeeping procedures in place to track Plaintiff's exact work hours.

26. Defendants willfully and intentionally failed to properly record all of Plaintiff's work hours and provide her with a proper overtime premium for each overtime hour worked.

27. Further, Defendants willfully and intentionally failed to properly pay all of Plaintiff's work hours and provide her, at least, the Federal minimum wage for each hour worked.

28. Defendants were Plaintiff's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

29. Defendants intentionally refused to pay Plaintiff overtime and minimum wages she was owed under the FLSA.

C. **Contreras' Employment of, and Failure to Properly Pay, Plaintiff**

30. During the relevant period, Contreras was the owner/co-operator of the business.

5 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

31. During Plaintiff's employment, Contreras acted as Plaintiff's supervisors/managers, provided Plaintiff with her work duties, gave feedback on the work Plaintiff performed for Defendants, had the ability to discipline Plaintiff, and were responsible for recording, calculating, and paying Plaintiff's work hours.

32. Contreras intentionally refused to pay Plaintiff overtime and/or minimum wages she was owed under the FLSA.

33. Contreras is partially or totally responsible for paying Plaintiff's wages.

34. Contreras must be considered one of Plaintiff's employers, a joint employer, or a co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

**COUNT I**
**OVERTIME VIOLATION BY ELBARDI**
**UNDER THE FAIR LABOR STANDARDS ACT**

35. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 34 above as if fully set forth herein.

36. As part of its business, Elbardi purchased goods and materials that traveled through interstate commerce.

37. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

38. Upon information and belief, Elbardi obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used

6 | Page

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

39. Elbardi, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

40. During her employment with Elbardi, Plaintiff worked overtime hours for which she was not compensated at a rate of no less than half her regular rate of pay as required by the FLSA.

41. Elbardi did not compensate Plaintiff for her overtime despite knowledge of the overtime hours Plaintiff worked.

42. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

43. In addition, Elbardi is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

    a. Enter judgment for Plaintiff against Elbardi under the FLSA;

    b. Award Plaintiff actual damages for the unpaid wages;

    c. Award Plaintiff liquidated damages;

    d. Award Plaintiff her attorneys' fees and costs;

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

  e. Award Plaintiff all recoverable interest; and

  f. Award any other relief this Honorable Court deems just and proper.

**COUNT II**
**OVERTIME VIOLATIONS AGAINST CONTRERAS UNDER**
**THE FAIR LABOR STANDARDS ACT**

44. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 34 above as if fully set forth herein.

45. Contreras operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiff, had control/access to Plaintiff's records for work hours, and was partially or totally responsible for paying Plaintiff's wages.

46. Contreras scrutinized Plaintiff's work and controlled how Plaintiff did her job.

47. During Plaintiff's employment with Defendants, Plaintiff consistently worked for Defendants over 40 hours per week during the time periods set forth above.

48. During her employment with Defendants, Plaintiff worked overtime hours for which she was not compensated at a rate of time-and-a-half her regularly rate of pay as required by the FLSA.

49. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

50. Contreras did not compensate Plaintiff for her overtime despite her knowledge of the overtime hours Plaintiff worked.

51. Contreras is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of her intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

   a. Enter judgment for Plaintiff against Contreras under the FLSA;

   b. Award Plaintiff actual damages for the unpaid wages;

   c. Award Plaintiff liquidated damages;

   d. Award Plaintiff her attorneys' fees and costs;

   e. Award Plaintiff all recoverable interest; and

   f. Award any other relief this Honorable Court deems just and proper.

### COUNT III
### MINIMUM WAGE VIOLATION BY ELBARDI
### UNDER THE FAIR LABOR STANDARDS ACT

52. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 34 above as if fully set forth herein.

53. As part of its business, Elbardi purchased goods and materials that traveled through interstate commerce.

54. These goods and materials were customarily, continually, and regularly handled by two or more employees, including Plaintiff.

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

55. Upon information and belief, Elbardi obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run its business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

56. Elbardi, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments made or processed outside the state of Florida during the relevant.

57. During her employment with Elbardi, Plaintiff worked for Elbardi where Elbardi failed to tender any all wages, regular or minimum, to Plaintiff.

58. Elbardi did not compensate Plaintiff for her all regular hours worked in 2020 despite knowledge of the hours Plaintiff worked.

59. Plaintiff is owed unpaid minimum wage compensation pursuant to the FLSA.

60. In addition, Elbardi is liable for double the minimum wage amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Elbardi under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

10 | P a g e

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

    c.    Award Plaintiff liquidated damages;

    d.    Award Plaintiff her attorneys' fees and costs;

    e.    Award Plaintiff all recoverable interest; and

    f.    Award any other relief this Honorable Court deems just and proper.

### COUNT IV
### MINIMUM WAGE VIOLATIONS AGAINST CONTRERAS UNDER THE FAIR LABOR STANDARDS ACT

61. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 34 above as if fully set forth herein.

62. Contreras operated the day-to-day activities of Defendants' business, had supervisory authority over Plaintiff, had control/access to Plaintiff's records for work hours, and was partially or totally responsible for paying Plaintiff's wages.

63. Contreras scrutinized Plaintiff's work and controlled how Plaintiff did her job.

64. During Plaintiff's employment with Defendants, specifically during 2020, Plaintiff worked standard forty (40) hour workweeks for Defendants without receiving any wages.

65. Contreras failed to ensure Plaintiff was compensated for all of her regular hours in 2020 despite knowledge of the hours Plaintiff worked.

66. Plaintiff is owed unpaid minimum wage compensation pursuant to the FLSA.

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

67. Plaintiff is owed unpaid overtime compensation pursuant to the FLSA.

68. Contreras is also jointly and severally liable for double the minimum wage amounts owed as liquidated damages under the FLSA as a result of her intentional and willful violation of the FLSA for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Contreras under the FLSA;

b. Award Plaintiff actual damages for the unpaid wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff her attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

12 | Page

PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

Dated: October 1, 2020

        Respectfully submitted,

        **By:** **_/s/ Brody M. Shulman_**
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pba-law.com
Bayardo E. Alemán, Esq.
Florida Bar No. 28791
bayardo@pba-law.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pba-law.com

**PERERA BARNHART ALEMAN**
12401 Orange Dr., Suite 123
Davie, FL, 33330

300 Sevilla Avenue, Suite 206
Coral Gables, FL 33134

Telephone: 786-485-5232
*Counsel for Plaintiff*

13 | P a g e
PERERA BARNHART ALEMÁN
12401 Orange Drive · Suite 123 · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232